UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CECILIA GULLAS,<br><br>                           Plaintiff,<br><br>-against-<br><br>CHHAYA COMMUNITY DEVELOPMENT CORPORATION (CHHAYA CDC); US DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>                           Defendants. | 21-CV-1004 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, proceeding *pro se*, brings this action against Defendant Chhaya Community Development Corporation (Chhaya), which is a social service agency located in Queens, New York. Plaintiff, who resides in Queens, alleges that Chhaya violated federal housing laws when it failed to represent her during an eviction proceeding held at a housing court in Queens County. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

For venue purposes, a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[1]

Plaintiff filed this complaint regarding events occurring in Queens, New York, where Chhaya is located and where Plaintiff's eviction proceedings were held. In addition to Chhaya, Plaintiff also names the U.S. Department of Housing and Urban Development, and provides a Washington, D.C. address for this defendant. Because Plaintiff does not allege that either defendant resides in this District or that a substantial part of the events or omissions underlying her claim arose in this District, venue is not proper in this District under § 1391(b)(1) or (2).

Venue is proper, however, in the Eastern District of New York, as both Plaintiff and Chhaya reside in Queens and the underlying events occurred in Queens. Plaintiff's allegations show that she visited Chhaya's offices in Queens and her eviction proceedings occurred in a Queens County housing court. Queens County falls within the Eastern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(1)-(2), and for these reasons, this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 18, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge